UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LA BARBERA, et al.,

                        Plaintiff(s),

       -against-

HERITAGE TRUCKING, INC.,
                    Defendant(s).
------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

CV 04-3820 (JS) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with respect to whether a default judgment should enter and if so, the relief to be awarded. The undersigned recommends that default judgment enter and that the amount of damages be determined after the defendant, Heritage Trucking, Inc., has submitted for audit the books and records specified herein, or, if Heritage fails to do so, damages based on the formulas set forth in the relevant collective bargaining agreement and the Trust Agreement, in the amount of $21,253.45, plus interest in an amount to be determined. The undersigned further recommends that the plaintiffs be awarded $549.30 in costs and attorney's fees.

**BACKGROUND**

The plaintiffs initiated this action on or about September 3, 2004, seeking an order compelling the defendant to produce books and records for audit, and, should the audits reveal contributions due and owing, to collect delinquent contributions. If Heritage cannot or will not produce the books and records, the plaintiffs seek to collect from Heritage an estimate of contributions owed based on the formulas set forth in the Funds' Agreement and Declaration of

Trust governing the Funds, or based on available evidence other than the pertinent books and records. *See* Feldman Decl. in Support at ¶3. Heritage has not answered the Complaint or otherwise appeared in the action. On July 6, 2005, the Clerk of the Court entered a notation of default, and the plaintiffs move for entry of a default judgment and attorney's fees.

## DISCUSSION

Based on the facts set forth in the Declarations of Elise Feldman and Theresa Cody, the undersigned recommends that a default judgment be entered. Entry of a default judgment is appropriate when "the adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, 1990 U.S. Dist. LEXIS 7137, at *5 (S.D.N.Y. June 11, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, Heritage Trucking is such an unresponsive party, and the plaintiffs are entitled to entry of a default judgment.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

Here, the defendant has failed to submit to the plaintiffs the records required by the relevant collective bargaining agreements and Trust Agreement, and default judgment should be

2

entered requiring Heritage to produce the appropriate books and records and to pay any contributions found due and owing, as revealed by an audit of the books and records, or, if the books and records are not produced, to pay an estimate of contributions owed as specified in the Trust Agreement.

Thus, the undersigned recommends that the court order the defendant Heritage to submit to plaintiffs, for audit, no later than 30 days after the date of the adoption of this Report and Recommendation, if it is adopted, all payroll records; payroll tax records; business tax returns; truck hiring records; individual earnings cards and/or time records; weekly payroll journals; cash disbursement records; general ledgers; Forms 941, 941A and NYS-45's W-2's, W-3's, 1099's, 1096's; cancelled checks; Forms 1120 or 1120s; and vendors invoices for the period February 9, 2001 to the present to the extent that those records have not already been produced. Heritage has already submitted remittance reports for the months February 2001 through January 2002. If the books and records are produced for audit, the plaintiffs shall submit a statement of monies owing based on the audit.

If the defendant fails to produce the books and records, the undersigned recommends that the defendant be ordered to pay the delinquent amounts pursuant to the formulas set forth in the Declaration of Theresa Cody at paragraphs 11 and 12, in the amounts set forth in the Declaration of Elise Feldman at paragraph 14. Application of those formulas would result in an award of $21,253.45. *See* Feldman Decl. ¶13. The plaintiffs are also entitled to interest as set forth in paragraph 3 of the Wherefore clause of the Feldman Declaration, in amounts to be determined.

The plaintiffs also seek attorney's fees in the amount of $212 and costs in the amount of $337.30, for a total of $549.30. Plaintiffs are entitled to reasonable attorneys' fees and costs

pursuant to 29 U.S.C. §1132(g)(1). When fixing a reasonable rate for attorneys' fees, it is appropriate for a court to consider and apply the prevailing market rates in the relevant community for similar legal work of lawyers of reasonably comparable skill, experience, and reputation. *See American Cablevision of Queens v. McGinn*, 817 F. Supp. 317, 320 (E.D.N.Y. 1993). A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). Here, the plaintiffs have provided the requisite documentation and information, and are entitled to an award in the amount of $549.30. *See* Feldman Decl. ¶¶18-22.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to the plaintiffs by electronic filing. **Counsel for plaintiffs shall serve a copy of this order on defendant and shall file proof of such service with the Court.** Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 9, 2005

                                            s/ William D. Wall
                                            WILLIAM D. WALL
                                            United States Magistrate Judge